**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JORGE ALBERTO CRUZ PINEDA, | No. 25-701 |
| Petitioner, | Agency No. A070-162-288 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2025**
San Francisco, California

Before: S.R. THOMAS, BRESS, and MENDOZA, Circuit Judges.

Jorge Alberto Cruz Pineda, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge's (IJ) order denying his application for deferral of removal under the Convention Against Torture (CAT). We review the denial of CAT

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review due process challenges de novo. *Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir. 2003). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. The BIA did not violate Cruz Pineda's due process rights by discounting the opinions of Dr. Kevin Booker, a psychologist. The IJ twice warned Cruz Pineda that he would not consider Dr. Booker's evaluation to be an expert report if Dr. Booker was not made available for cross-examination. Yet Dr. Booker did not appear to testify. The IJ then afforded limited weight to Dr. Booker's report because he was not subject to cross-examination and because he did not have an ongoing therapeutic relationship with Cruz Pineda, interviewed Cruz Pineda only one time, and had not reviewed Cruz Pineda's medical records. The IJ also observed that Dr. Booker's opinion was outweighed by other record evidence indicating that none of Cruz Pineda's treating physicians diagnosed him with any schizophrenia-related condition or prescribed antipsychotic medication.

---

[1] The government concedes that Cruz Pineda's petition is timely and does not press this as a ground for dismissal. *See Riley v. Bondi*, 606 U.S. 259, 263, 277 (2025) (holding that, in withholding-only proceedings, a petition for review must be filed within 30 days of the Final Administrative Review Order (FARO), but that this requirement is not jurisdictional).

We grant relief on due process grounds only if "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citation omitted). That test is not met here, where the IJ reasonably explained why he did not fully credit Dr. Booker's evaluation.

2. Substantial evidence supports the denial of CAT relief. An applicant for CAT relief "bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Cruz Pineda has never been tortured in El Salvador. And substantial evidence supports the agency's conclusion that Cruz Pineda is not likely to be tortured in El Salvador based on his prior gang affiliation, given Cruz Pineda's lack of involvement with the gang for over 25 years, his age, and the fact that his gang-related tattoos have either been removed or are not generally visible. The record does not compel the conclusion that Salvadoran police or gangs in El Salvador will recognize Cruz Pineda as a gang member. The record also does not compel the conclusion that government authorities would acquiesce in his torture, given El Salvador's efforts to address gang violence.

In addition, the agency properly considered Cruz Pineda's different theories of torture by "discuss[ing] both" theories and then "assess[ing] the aggregate risk." *See Castillo v. Barr*, 980 F.3d 1278, 1284 (9th Cir. 2020). The agency likewise permissibly found that the statistics cited by Cruz Pineda's experts were contradicted by other record evidence or were too generic to be persuasive. *Cf. Benedicto v. Garland*, 12 F.4th 1049, 1065 (9th Cir. 2021) ("Anecdotes—no matter how disturbing—can't substitute for quantitative evidence, which is what CAT requires.").

**PETITION DENIED.**